IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER,<br><br>          Plaintiff,<br><br>     vs.<br><br>SECOND WATCH WARDEN, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:06-cv-01297 LJO DLB P<br><br>ORDER DENYING MOTION<br>TO VACATE JUDGMENT<br><br>(Doc. 7) |

   Plaintiff Willie Weaver ("plaintiff") is a state prisoner who was proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On October 2, 2007, this action was dismissed for plaintiff's failure to exhaust the available administrative remedies prior to filing suit. On November 8, 2007, plaintiff filed a motion seeking to vacate the judgment (Doc. 7). Plaintiff cites Federal Rule of Civil Procedure 59(e), which governs motions to amend or alter judgment after a non-jury trial. Given that no trial was held in this action and plaintiff seeks to vacate the order dismissing the action, the court construes his motion as a request for reconsideration pursuant to Federal Rule of Civil Procedure 60(b).

   Federal Rule of Civil Procedure 60(b)(6) permits a district court to relieve a party from a final order or judgment for "any . . . reason that justifies relief." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts

or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986), quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.

This action was dismissed based on plaintiff's failure to comply with 42 U.S.C. § 1997e(a), which provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e(a) requires that prisoners exhaust the available administrative remedies *prior* to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Plaintiff's motion is without merit. Plaintiff provides no evidence demonstrating extraordinary circumstances, and plaintiff concedes in his complaint that exhaustion of his claims has not yet occurred.

Accordingly, plaintiff's motion to vacate judgment and re-open this action, filed November 8, 2007, is HEREBY ORDERED denied.

IT IS SO ORDERED.

**Dated:   August 20, 2008**          /s/ Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE